UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

C.A. NO.: 1:21-CV-11479

DENZELL SINGLETON, )
    Plaintiff, )
)
v. ) COMPLAINT AND
) JURY DEMAND
CITY OF ATTLEBORO, )
CHIEF KYLE P. HEAGNEY, LUKE )
HARRINGTON, JESSICA MASKELL, JASON )
STEVENS, AND DENNIS FLEMING, )
    Defendants. )

## INTRODUCTION

1. This is an action by Denzell Singleton ("Plaintiff") against the City of Attleboro, Kyle P. Heagney, Luke Harrington, Jessica Maskell, Jason Stevens, and Dennis Fleming, arising out of the physical assault, deprivation of constitutional rights, and resulting injuries Mr. Singleton sustained as a result of the excessive use of physical force exercised by the officers of the Attleboro Police Department. The action seeks damages under the common law theories of assault and battery (Count I), negligence (Count II), negligent training and supervision (Count III), negligent infliction of emotional distress (Count IV), intentional infliction of emotional distress (Count V), the Massachusetts Civil Rights Act, M.G.L. ch. 12, secs. 11H and 11I (Count VI) and, 42 U.S.C. sec. 1983 (Count VII).

## PARTIES

2. Plaintiff, Denzell Singleton ("Plaintiff"), is an individual who resides in Boston, Suffolk County, Massachusetts.

3. Defendant City of Attleboro ("the City") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with an office and principal place of business in Attleboro, Bristol County, Massachusetts.

4. The Attleboro Police Department ("APD") is an agency within the City, with an office and principal place of business in Attleboro, Bristol County, Massachusetts.

5. Defendant Kyle P. Heagney ("Heagney") is an individual residing within the Commonwealth of Massachusetts. Heagney is a party to this lawsuit individually and in his official capacity as Chief of the APD.

6. Defendant Luke Harrington ("Harrington") is an individual residing within the Commonwealth of Massachusetts. Harrington is a party to this lawsuit individually and in his official capacity as an officer of the APD.

7. Defendant Jessica Maskell ("Maskell") is an individual residing within the Commonwealth of Massachusetts. Maskell is a party to this lawsuit individually and in her official capacity as an officer of the APD.

8. Defendant Dennis Fleming ("Fleming") is an individual residing within the Commonwealth of Massachusetts. Fleming is a party to this lawsuit individually and in his official capacity as an officer of the APD.

## FACTUAL ALLEGATIONS

9. On or about February 17, 2019, the Plaintiff was arrested by members of the Attleboro Police Department.

10. While handcuffed and in custody, the Plaintiff was being transported into the booking area of the Attleboro Police Department. During this time, and at all times relevant, the Plaintiff was cooperating with the police and was not resisting in his arrest or transport.

11. While being transported into the booking area, where he was being lead by Harrington and Stevens, the Plaintiff was slammed face first into the concrete wall by Harrington and Stevens.

12. The Plaintiff was then thrown onto the floor by Harrington, Stevens and Fleming, where he remained pinned for almost 15 minutes.

13. During the time the Plaintiff was on the floor, he was secured by two and three Attleboro Police officers. At least one if the three officers, and this appears to be Fleming, had a knee on the Plaintiff's neck for approximatey five (5) minutes. The officer removed his knee from Mr. Singleton's neck approximately 30 seconds before EMS arrived. This was done in an effort to conceal the excessive use of force from EMS personnel.

14. The Plaintiff took no action to warrant or justify the actions of the police in slamming his face into the concrete wall, or in throwing him onto the floor, or in restraining the Plaintiff with a knee on his neck.

15. In a transparent effort to conceal their unlawful activity, Harrington fabricated a story with respect to the activities that evening and prepared an APD PC Affidavit, Number 1900009515-00008409 ("PC Affidavit") and submitted an Application for Criminal Complaint to the Attleboro District Court. This report was approved by Maskell, furthering the efforts of the defendants to collectively conceal their unlawful activities.

16. Mr. Singleton sustained physical injuries, including but not limited to a head, face, and neck trauma, as well as emotional distress. Moreover, his state and civil rights were violated.

17. Mr. Singleton was assaulted by the officers at the police station solely because he is black. The APD has a policy and or practice of utilizing excessive force against black males, engaging in racial profiling, and in impermissibly stopping, detaining, and seizing black males.

18. The APD and officers that filed the application for criminal complaint against the Plaintiff acted in concert, under the color of law, in filing a false complaint against the Plaintiff.

19. Defendants Harrington, Stevens, and Fleming acted in concert, under the color of law, in the excessive use of force and assault and battery upon the Plaintiff.

20. Defendants Heagney, APD and Maskell negligently trained and supervisied Harrington, Stevens, and Fleming to perform the duties of a police officer for the APD.

21. The Plaintiff suffered economic loss as a result of the actions of the Defendants.

22. The Plaintiff suffered physical and emotional harm as a result of the actions of the Defendants.

23. The conduct of the Defendants was shocking to the conscience.

24. The Plaintiff has complied with all jurisdictional requisited to file the instant claim. A notice of claim, pursuant to M.G.L. ch. 258, sec. 4, was sent to the then Mayor of the City of Attleboro and Chief Heagney on December 31, 2020. The Defendants have not responded to the notice of claim.

## LEGAL CLAIMS

### COUNT I – ASSAULT AND BATTERY

**(DENZELL SINGLETON V. LUKE HARRINGTON, JASON STEVENS, DENNIS FLEMING)**

25. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-24 above.

26. The actions of Harrington, Stevens and Fleming committed upon the Plaintiff constituted and assault and battery.

27. As a direct and foreseeable consequence thereof, the Plaintiff has suffered loss of income and employment benefits, other financial losses, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT II – NEGLIGENCE

### (DENZELL SINGLETON V. CITY OF ATTLEBORO, KYLE HEAGNEY, JESSICA MASKELL, LUKE HARRINGTON, JASON STEVENS, DENNIS FLEMING)

28. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-27 above.

26. The City, the APD, Heagney, Maskell, Harrington, Stevens and Fleming owed Plaintiff a duty of reasonable care in the exercise of their duties.

27. The duties of the City, the APD, Heagney, Maskell and Fleming included, but are not limited to: (i) properly excersing control over police officers under their supervision and control, including Harrington and Stevens, (ii) promptly, impartially and fully investigating claims of excessive use of force made against APD police officers, (iii) ensuring police reports and applications for criminal complaints are made in good faith and supported by truthful facts, and (iv) ensuring black suspects, arrestees and detainees are treated equally as non-black suspects, arrestees and detainees.

28. The City, the APD, Heagney, Maskell, Harrington, Stevens and Fleming breached their duty of care owed to Plaintiff (i) in the manner in which they treated the Defendant at the police station where he was assaulted and battered, (ii) by treating the Plaintiff differently due to his race.

29. The City, the APD, Heagney, Maskell, Harrington, Stevens and Fleming breached their duty of care owed to Plaintiff in the manner in which they authored and approved a false police report, and pursued criminal charges for assault and battery on a police officer against the Plaintiff.

30. The City, the APD, Heagney, and Maskell breached their duty of care owed to Plaintiff in the manner in which they treated the Defendant in the manner in which they investigated and or failed to investigate the Plaintiff's claims raised in his December 31, 2020 notice of claim.

31. As a direct and foreseeable consequence thereof, Singleton has suffered loss of income and employment benefits, other financial losses, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT III – NEGLIGENT TRAINING/SUPERVISION

### (DENZELL SINGLETON V. CITY OF ATTLEBORO, KYLE HEAGNEY, JESSICA MASKELL, DENNIS FLEMING)

32. Singleton hereby realleges and incorporates by reference the averments of paragraphs 1-31 above.

33. The City, the APD, Heagney, Maskell and Fleming negligently trained and or supervised Harrington, Fleming and Stevens in the performance of their duties.

34. As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (DENZELL SINGLETON V. CITY OF ATTLEBORO, KYLE HEAGNEY, JESSICA MASKELL, LUKE HARRINGTON, JASON STEVENS, DENNIS FLEMING)

35. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-34 above.

36. The Defendants knew or should have known that their conduct was likely to result in emotional distress.

37. The Defendants conduct was extreme and outrageous and schocking to the conscience.

38. The Defendants' conduct caused Plaintiff emotional distress of the nature and severity that no reasonable person could be expected to endure.

39. As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

### COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (DENZELL SINGLETON V. CITY OF ATTLEBORO, KYLE HEAGNEY, JESSICA MASKELL, LUKE HARRINGTON, JASON STEVENS, DENNIS FLEMING)

40. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-39 above.

41. The Defendants knew or should have known that their conduct was likely to result in emotional distress.

42. The Defendants conduct was extreme and outrageous and schocking to the conscience.

43. The Defendants' conduct caused Plaintiff emotional distress of the nature and severity that no reasonable person could be expected to endure.

44. As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

### COUNT VI - MCRA - M.G.L. CH. 12, secs. 11H and 11I

### (DENZELL SINGLETON V. CITY OF ATTLEBORO, KYLE HEAGNEY, JESSICA MASKELL, LUKE HARRINGTON, JASON STEVENS, DENNIS FLEMING)

45. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-44 above.

46. Defendants interfered with, or attempted to intefere with, Plaintiff's enjoyment of rights secured by the Constitution or the laws of either the United States or the Commonwealth of Massachusetts. This includes (i) the right to equal protection under the laws (ii) the right to be free from being subjected to excessive force by police officers, (iii) the right to free speech, and (iv) the right to protest unlawful treatment.

47. The Defendants' interferred or attempted to interfer with the Plaintiff's exercise of those rights by (i) assaulting and battering the Plaintiff at the police station, (ii) authoring, approving, and filing a false police report against the Plaintiff, and (iii) prosecuting the Plaintiff for assault and battery upon a police officer. The Defendants' actions constitute threats, intimidation, or coercion.

48. As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT VII – FEDERAL CIVIL RIGHTS VIOLATION – 42 U.S.C. SEC. 1983

### (DENZELL SINGLETON V. CITY OF ATTLEBORO, KYLE HEAGNEY, JESSICA MASKELL, LUKE HARRINGTON, JASON STEVENS, DENNIS FLEMING)

49. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-48 above.

50. The City, the APD, Heagney, Maskell, Harrington, Stevens and Fleming were acting under color of law at all times relevant during (i) the assault and battery upon the Plaintiff, (ii) the violation of the Plaintiff's equal protection rights, (iii) the violation of the Plaintiff's free speech rights, and (iii) the filing of a false criminal charge for assault and battery on a police officer agasint the Plaintiff.

51.     The conduct of Defendant City, Heagney, Maskell, Harrington, Stevens and Fleming deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States or the laws or Constitution of the Commonwealth of Massachusetts.

52.     The conduct of Defendants Harrington, Stevens and Fleming with respected to the Plaintiff constituted excessive force and or conduct that was extreme, outrageous, and shocking to the conscience.

53.     The actions of Defendants Harrington, Stevens and Fleming were done in accordance with a custom or policy of the City, Heagney, and or the APD.

54.     In (i) performing the assault and battery upon the Plaintiff, (ii) filing of a false police report against the Plaintiff, (iii) violating the Plaintiff's equal protection rights and right to free speech, and (iv) the initiation of criminal proceedings against the Plaintiff, Defendants APD, Heagney, Harrington, Stevens, Maskell and Fleming disregarded a known or obvious consequence of their actions.

55.     The City, Heagney and the APD inadequately and or negligently trained and or supervised Defendants Harrington, Stevens, Fleming and Maskell, and the decisions of the CIty and the APD in that regard were deliberate and or conscious.

56.     In conducting (i) the assault and battery upon the Plaintiff, (ii) the violation of the Plaintiff's equal protection rights, (iii) the violation of the Plaintiff's free speech rights, and (iii) the filing of a false criminal charge for assault and battery on a police officer agasint the Plaintiff, defendants APD, Heagney, Harrington, Stevens, Maskell and Fleming manifested a deliberate indifference to Plaintiff's rights and engaged in conduct that shocked the conscience.

57.     The actions of the Defendants the City, Heagney, Harrington, Stevens, Maskell and Fleming, as well as the APD, violated Plaintiff's rights (i) under the 4th Amendment of the United States Constitution and the Massachusetts Declaration of Rights, in that they constituted, among other things, excessive use of force, (ii) violated the Plaintiff rights to free speech 1st Amenment to the United States Constition and Article 19 of the Massachusetts Declaration of Rights, (iii) violated the Plaintiff's right to equal protectioin under the 14th Amenment to the United States Constition and Article 1 of the Massachusetts Declaration of Rights

58.     The actions of the Defendants violated Plaintiff's rights to substantive due process.

59. As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

DENZELL SINGLETON, Plaintiff
By his attorneys,

_____
James M. Caramanica, BBO #565882
Law Office of James M. Caramanica
120 North Main St., Suite 306
Attleboro, MA 02703
(508) 222-0096
Email: caramanicalaw@gmail.com

Dated: July 3, 2021